UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DONALD LEE THIEKE**<br>    **LA. DOC #572306**<br>**VS.** | **CIVIL ACTION NO. 6:14-cv-2947**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **FRANKLIN PARISH DETENTION**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

Pro se plaintiff Donald Lee Thieke, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 8, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Rayburn Correctional Center, however, he complains about an incident that occurred when he was incarcerated at the Franklin Parish Detention Center (FPDC). Plaintiff sues Sheriff Cobb, Warden Lee and other FPDC corrections officers claiming that they failed to protect him from violence perpetrated by another inmate. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

On September 11, 2013 plaintiff, a DOC inmate housed in the Pecan Dorm at FPDC, was "jumped by another inmate named Ricco Dillon." According to plaintiff, Dillon "snuck up behind [him] and knocked [him] unconscious and continued to hit and stomp on [his] head." Another inmate beat on the window in an attempt to summon assistance and was successful after

"pound[ing] on the window repeatedly at least 2 or 3 times." Meanwhile, another inmate came to plaintiff's assistance after 4 or 5 other inmates joined Dillon in the assault on plaintiff.

In due course corrections officers arrived and "pulled [plaintiff] out immediately and put [him] in the hall until they reviewed the camera to see who was involved." Thereafter, the corrections officers removed the suspects from the dorm. Plaintiff was transported to E.A. Conway Hospital and thereafter to the LSU Medical Center in Shreveport "because of blood on [his] brain." Plaintiff was placed in the intensive care unit for 24 hours and then returned to FPDC where he was placed in a cell by himself.

Plaintiff's injuries included a broken jaw, fractured eye socket, and head trauma.  Seven to ten days later plaintiff returned to the hospital for surgery; physicians screwed a metal plate into his jaw but did nothing for his eye socket. Thereafter, plaintiff "... went continuously to doctors appointments at LSU Shreveport, but was shipped from Franklin Parish to Hunts Correctional before [his] appointments were complete." [Doc. 1]

In his amended complaint [Doc. 8], plaintiff alleged that "the only way to summon guards was to bang on the window and wait for them" since the dorm where he was housed lacked "emergency buttons."  He further alleged "If only one guard in the center 'pod', no one will come out." Finally, he apportioned liability as follows – (1) James Tarver – working guard at the time of incident; (2) Capt. Malcolm Welch – Captain of shift that was working; (3) Warden Chad Lee – in charge of Parish Jail and security and safety or prisoners; and, (4) Kevin Cobb – Sheriff responsible for overseeing of jail rules and policies and safety.

2

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Failure to Protect*

Plaintiff complains that the defendants failed to protect him from violence at the hands of a fellow inmate. Plaintiff's right to protection from inmate violence is governed by the Eighth Amendment's prohibition of cruel and unusual punishment and is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not

3

liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants were guilty of deliberate indifference with regard to the complained of altercation between plaintiff and his assailants in Pecan Dorm. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether

there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable; indeed, he himself implied that the assault was unforeseeable. Inmates are unlikely to recover under Section 1983 for injuries sustained in an isolated assault unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack. The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of. Finally, as noted above, it does not appear that the attack was a foreseeable consequence of any violations of prison policy. Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

***3. Medical Care***

     Plaintiff also implies that as a result of his transfer, he was denied on-going medical care for the injuries he sustained in the altercation with his fellow inmate. The constitutional right of a convicted prisoner to prompt and adequate medical care is also based upon the Eighth Amendment's prohibition of cruel and unusual punishment. As noted above, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act

reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Furthermore, as previously noted, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that</u> inference. *Id.* at 837. Here, plaintiff faulted the defendants for transferring him to another prison before his treatment protocol was done. However, it is more likely than not that the defendants he identified herein could not have anticipated that plaintiff would be deemed ineligible for further treatment at the facility to which he was transferred. In other words, plaintiff has not alleged facts sufficient to establish deliberate

indifference on the part of the defendants.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana January 21, 2015.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: ___1/21/2015_____
BY: _____EFA_____
TO: _____RTH_____
pj